

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARK STEELE, individually, and on behalf of all other similarly situated and aggrieved employees,

Plaintiff,

v.

ASSURANCE IQ, LLC, et al.,

Defendants.

Case No.: 25-cv-1614-RSH-AHG

**ORDER GRANTING IN PART MOTION TO STAY**

[ECF No. 23]

Before the Court is a motion to stay, or in the alternative, to dismiss filed by defendants Assurance IQ, LLC ("Assurance") and Prudential Financial, Inc. ("Prudential"). ECF No. 23. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants in part Defendants' motion.

I.    **BACKGROUND**

The instant case is a putative wage and hour class action and California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699 *et seq.*, representative action filed against defendants Assurance IQ and Prudential on June 24, 2025. ECF No. 1.

///

1

### A.    Plaintiff's Allegations

Plaintiff's Amended Complaint alleges as follows. Plaintiff worked for Defendants from July 2023 to April 2024 as an insurance sales agent. ECF No. 5 ¶¶ 5, 19, 23. Plaintiff alleges that during that time, he and other putative class members were misclassified as independent contractors. *Id.* ¶¶ 18, 20.

The Amended Complaint asserts claims under the California Labor Code, the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, the California Worker Adjustment and Retraining Notification Act, California Labor Code § 1400, *et seq.*, and the California Business & Professions Code. *Id.* ¶¶ 39–134. Plaintiff seeks to represent a class defined as:

> All of Defendants' California-based sales agents who were classified as independent contractors on or before April 30, 2024, and whose relationship with Defendants was terminated as part of a mass layoff or plant closing involving Assurance IQ on or about April 30, 2024.

*Id.* ¶ 26.

### B.    Superior Court Lawsuit (*Chung*)

On November 13, 2025, Defendants moved to stay this action pending the resolution of an earlier filed putative wage and hour class and representative PAGA state court action, *Chung v. Assurance IQ, LLC* ("*Chung*"), Case No. 34-2023-00337274, currently pending in Sacramento County Superior Court. ECF No. 23 at 2. Plaintiff opposed the motion, and Defendants filed a reply. ECF Nos. 25, 26. At the Court's direction, the Parties subsequently filed reports as to the status of the *Chung* case. ECF Nos. 28, 29.

The *Chung* case was filed in San Diego Superior Court on April 3, 2023.[1] ECF No. 24-1. As alleged in the Second Amended Complaint, the plaintiff in *Chung* worked for

---

[1]    The Court grants the Parties' respective requests for the Court to take judicial notice of court records filed in *Chung. See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132

25-cv-1614-RSH-AHG

defendant Assurance from April 2022 to June 2022 as an insurance agent. ECF No. 24-4 ¶ 8. Similar to the instant action, Mr. Chung alleges that he and other class members were misclassified as independent contractors and asserts claims under the California Labor Code and California Business & Professions Code. *Id.* at ¶¶ 16, 31–103. He seeks to represent a class defined as:

> All persons who worked for any Defendant in California as insurance agents that were classified as independent contractors at any time during the period beginning October 30, 2020 and ending when notice to the Class is sent.

*Id.* ¶ 24.

On January 16, 2026, the parties in *Chung* filed a notice of settlement indicating that the action had "been settled on a class and representative basis" with respect to "the claims alleged in the Second Amended Complaint," that the parties had "fully executed a longform settlement agreement," and that the plaintiff anticipated filing a motion for preliminary approval with the state court within the next seven to fourteen days. ECF No. 28 at 7.

## II.    ANALYSIS

In the instant Motion, Defendants seek a discretionary stay of this case under *Landis v. North American Co.*, 299 U.S. 248 (1936). ECF No. 23 at 16–20. Plaintiff contends Defendants have not carried their burden of establishing that a *Landis* stay is warranted. ECF No. 25 at 4–10.

A "district court possesses inherent authority to stay federal proceedings pursuant to its docket management powers." *Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec. Litig.)*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal quotation marks omitted). "[T]he power to stay proceedings is incidental to the power inherent in every

(9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted).

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "The decision to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085 (quoting *Landis*, 299 U.S. at 254–55).

The Ninth Circuit has identified three non-exclusive factors courts weigh when deciding whether to issue a *Landis* stay: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the orderly course of justice favors granting a limited stay. Both the instant action and the *Chung* are putative wage-and-hour and representative PAGA actions brought on behalf of insurance agents in California against defendant Assurance. *Compare* ECF No. 5 ¶¶ 25–26, 125–134 *with* ECF No. 24-4 ¶¶ 22–24, 96–103. Both actions are predicated on the same core allegation—that plaintiffs and other putative class members were misclassified as independent contractors. *Compare* ECF No. 5 ¶ 18 ("[O]n information and belief, DEFENDANTS employed approximately 1700 insurance sales agents nationwide, including several hundred in the State of California, including PLAINTIFF, all of which were misclassified as independent contractors, as alleged herein.") *with* 24-4 ¶ 16 ("Plaintiff and the Class were misclassified as independent contractors, when in-fact Plaintiff and the Class should have been classified as employees."). Based on the current class definitions, Plaintiff is a member of the putative class in *Chung*, and the putative class here is a subset of the putative class in *Chung*. *Compare* ECF No. 5 ¶ 26 *with* ECF No. 24-4 ¶ 24.

///

25-cv-1614-RSH-AHG

Although the instant action asserts *some* additional claims, "[w]here a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues, only that the issues are substantially similar." *Jackson v. Marten Transp., Ltd.*, No. 5:24-CV-02368-AH-(DTBX), 2025 WL 342083, at *2 (C.D. Cal. Jan. 30, 2025). Notably, the instant action is in its initial stages—while the *Chung* action has been pending for over two years and is substantially further along, with the Parties indicating that they have reached a proposed settlement on a class and representative basis. ECF No. 28 at 6–7. For these reasons, a limited stay in light of the proposed settlement in *Chung* would likely simplify the claims in this case, significantly narrow their scope, or potentially resolve or release them altogether. *See Franklin v. Scripps Health*, No. 22-CV-367-MMA (MDD), 2022 WL 4389691, at *5 (S.D. Cal. Sept. 21, 2022) (staying class action in light of parallel state court proceedings where action was "largely duplicative" of pending state court actions and "it would be inefficient for the Court and the parties to proceed with this case in the wake of the [state court actions]"); *Lapa v. Massage Envy Franchising, LLC*, No. 19-CV-02694-MMC, 2019 WL 3891523, at *2 (N.D. Cal. Aug. 19, 2019) (staying case in light of overlapping class action as final approval of settlement "would not only simplify the issues, proof, and questions of law . . . but would fully resolve them"); *Meints v. Regis Corp.*, No. 09CV2061 WQH (CAB), 2010 WL 625338, at *3 (S.D. Cal. Feb. 16, 2010) ("Allowing Plaintiff to proceed to class discovery in this case when a settlement potentially barring her class action is pending would waste judicial resources[.]"); *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-CV-04385-JST, 2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017) (holding that "potential efficiency gains" resulting from a stay "are particularly heightened where, as here, the class actions involve overlapping claims and class periods").

The remaining *Landis* factors also weigh in favor of a limited stay. Requiring Defendants to proceed simultaneously in two overlapping class action cases may result in unnecessary hardship here, where one action has already progressed to settlement. *See*

25-cv-1614-RSH-AHG

*Paredas v. Garda CL W., Inc.*, No. 1:25-CV-00781-EPG, 2025 WL 3718812, at *3 (E.D. Cal. Dec. 23, 2025) ("[H]aving to litigate potentially duplicative claims, which may be resolved soon, would impose a burden on Defendant and the Court, resulting in a needless use of resources."); *Lapa*, 2019 WL 3891523, at *2 (staying case in light of overlapping class action as otherwise defendant would "be required to expend resources to defend a class action that, although pending court approval, it already has settled").

Although Plaintiff contends he will suffer prejudice because staying this action while *Chung* proceeds will delay resolution of his claims, "it is hardly surprising or unfair that [Plaintiff's] case will have to wait in line for an earlier-filed class action brought by a substantially similar putative class asserting substantially similar claims." *Murillo v. Target Corp.*, No. LACV2303033JGBMRW, 2023 WL 4553597, at *12 (C.D. Cal. July 14, 2023). Likewise, Plaintiff's concerns about delaying discovery—including the possibility of lost evidence or fading witness memories—are speculative. *See In re Bank of Am. California Unemployment Benefits Litig.*, No. 21MD2992-GPC(MSB), 2024 WL 4219987, at *5 (S.D. Cal. Sept. 17, 2024) (noting defendant's "concerns about delaying discovery due to the risk of witnesses' memories fading, witnesses relocating or becoming unavailable, and evidence becoming stale or dissipating are speculative and no evidence has been provided that such risks exist").

Finally, any damage to Plaintiff would be mitigated here as the stay the Court contemplates is limited. The settlement notice in *Chung* indicates that the plaintiff in that case anticipates filing a motion for preliminary approval shortly. Under these circumstances, while Defendants request a stay until *Chung* is fully resolved, the Court finds that a more limited, time-bound stay is appropriate and will revisit the length of stay as necessary.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion for stay is **GRANTED IN PART**. The action is **STAYED** pending the earlier of: (1) the grant or denial of a motion for preliminary approval of class action settlement in *Chung*; or (2) six months from the date

of this Order. The Parties shall file a joint status report with this Court within seven days of the occurrence of either event. In any case, the Parties shall file a joint status report no later than **April 27, 2026**.

     **IT IS SO ORDERED.**

Dated: January 27, 2026

_____
Hon. Robert S. Huie
United States District Judge

25-cv-1614-RSH-AHG